the court emphasized the fact that the watches are "set in one corner of the bag, *on the outside*" [italics quoted], and made particular mention that the agreed facts did not show that the "watches extend entirely through the side of the bag." The present merchandise is distinguishable from that involved in the *Saks & Co., Inc.*, case. In this case, the components, as they make up the finished article, are indispensable to each other. The lighter is designed to, and actually does, form an integral part of the buckle, and the same is true with respect to the buckle and its relationship to the lighter. The back screw of the lighter is the fastening device that snaps together the front and back pieces of the buckle. The front plate of the buckle is a housing for the lighter. Without that housing, the lighter would not close, and if not closed, the wick would be exposed and the fluid would evaporate, thereby rendering the lighter useless. The back plate, with its sharp flange on each side and stamped-out portion, is not only unattractive, but also impractical, for use as a buckle, without attachment of the ornamental front piece. Considering this merchandise as a unit, it is more than either a buckle or a lighter, although the presence of each is essential to the finished article now before us.

Under the principle of the *Altman & Co.* case, *supra*, the combinations of buckle and lighter in question are entireties, and, being metal articles, admittedly valued at over $5 per dozen pieces, and designed to be worn on apparel or carried on or about or attached to the person as incidental articles of mere personal comfort, convenience, or adornment, they are classifiable under the provision for such merchandise in paragraph 1527 (c) (2), as modified by T. D. 51802, and dutiable thereunder at the rate of 45 per centum ad valorem, as claimed. *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079.

The protest is sustained and judgment will be rendered accordingly.

No. 57301.—China Korean Fur Co., Inc., et al. *v.* United States, protests 30436–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

No. 57302.—Gutfur, Inc., and W. J. Byrnes & Co. of N. Y., Inc., et al. *v.* United States, protests 195413–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.